EX PARTE:
MARCUS A. COOPER

Request of Opinion if 11.07 IS DENIED  May 28, 2016
82,398-03
RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 02 2016
Abel Acosta, Clerk

reindicted cause#
Cause#2014-CR101168  AFFIDAVIT to
#1993231            Appeals Court requesting an, VOLUME 1:
See Ground 1.# 11.07

Opinion if 11.07 Writ is Denied.

To honorable clerk an Judges of Appeal Court's -
April 28, 2016 11.07 Was Presented to Appeals Court in
Austin, Filed Febuary 16, 2016 with District Clerk.
While 11.07 Post conviction Writ is under review I
am requesting (if Denied) an notice an statement of
(Opinion) why, because 90% of 11.07 are Denied
but I have strong grounds an, Direct Appeal official
made Error an Affirmed that Appeal. Later on Federal
Charges will be made on Officials from 4th Court
of Appeals for Violation of ARt 2.03 Neglect of Duty,
an Violating TX Penal Code §37.10 Tampering with
Govermental Records which is a 3rd Degree felony on
the state (Reason.) See Federal Law Applicability
(See B) Time limits Speedy Trial Plain. Applicable to Persons
who are being accused of offense that have not been
(indicted) as well as persons who have been indicted.
See . Collatoral Estopell. 2nd indictment Void| Trial Court
was not ready for Trial in 120-180 bad timing on State, See
Proper remedy was CCP. ARticle 28.061. Discharge for  Days
Delay. See Ground 1# on Writ 11.07| TX Penal Code 37.10
Tampering with Govermental records. It is a felony for State
an Clerk to withhold 2nd Refiled Motion Speedy Trial
Filed in July, 2014. Motion to Dismiss Failure to Provide a
Constitutional Speedy Trial Overruled by Judge another
Legal Error. Again Charges will be filed Later on. Sincerely Written
C-C. FILE VOLUME 1.  May 28, 2016       Marcus Cooper

EXPARTE:                                                    May 28, 2016
MARCUS A. COOPER

• VOLUME 2 reindicted cause     Volume 2 ✓
  #1993231  2014-CR10168
                    [AFFIDAVIT requesting Opinion
  on 11.07 If Denied]

  To the honorable Clerk an Judge of Appeals
  Court. As I explained in volume 1. of Affidavit
  I am requesting an Opinion if 11.07 Post Conviction
  Writ is Denied. In Volume 2. I am asking that
  the Appeals Court Strongly look an consider Ground 2.#
  of 11.07, Insufficient Evidence, an Ground 5.# violation
  TX Penal Code 37.09 Tampering with Evidence. It is a fact
  that Article 39.14 CCP see Notes of Decision Discovery IV,
• Discovery 3, I am intitled to Exculpatory Evidence at Trial,
  The prosecution did not prove my Finger Print on Said (Knife)
  (No Knife) presented at Trial only a (photo of a knife.)
  Attorny Defense Attorney Objects to Rule 403 Rule of Evidence
  Discovery III required State to disclose (without Request)
  No Knife only a (photo of knife) also Knife photo was
  from previous Febuary Acuital 2013-CR11661-which violates
  TX Penal Code 37.09 Tampering with an Fabricating Evidence,
  Again, Federal Charges will be filed later on DC 187
  Stephen Hilbig, an Prosecutor Kimberly Gonzalez, an DA
  Nicco L. AHood. Again this Volume 2 asking Appeals
  Court for Opinion on 11.07 if DENIED
  Final Conclusion: At the least this cause should Thank You
• C.C. FILE be NON-AGGRAVATED Sincerely Written
         VOLUME 2, May 28, 2016    Marcus Cooper
                    → → Reverse Side Continues →

Federal CASE Law see
Pennsylvania V. Ritchie, 480, US 39 (1987) Prosecutor
duty to turn over exculpatory Evidence.
Note in cause 2014-CR101168 namly a (Knife)

SEE Pennsylvania V. Ritche, 480, U.S. 39
(1987) Prosecutor duty to turn over
Exculpatory Evidence namly of (Knife)
Finger Print Not on Knife March 30, 2013

## Discovery IV →

8) If state withholds or redacts information, state must disclose that a portion of request is being withheld or redacted

❖ Motion to compel requires us to hold hearing to determine whether withholding or redaction is justified

❖ This can be dispositive, too

❖ Typical sanction is that state cannot use evidence it failed to disclose

Conclusion-This Ground mean
Cause 2014-CR10168 should be
Transferred to Non-aggravated

## Motion for Appointment of Interpreter

❖ Art. 28.01(10)

❖ Art. 28.01 § 2 says if matter not raised by 7 days before hearing is waived

❖ BUT

❖ Art. 38.30(a) C.C.P. states when motion is filed or judge becomes aware that Δ or witness doesn't understand English

❖ AND

## Motion for Appointment of Interpreter II

❖ § 57.002(a) Gov't Code states if motion is filed by party or requested by witness

❖ Court *shall* appoint an interpreter

❖ Denial of due process if Δ doesn't understand proceedings & evidence

note: Photo's of Knife should have not been used at Trial without actual Real Knife. Sanction as Rule-note CCP 38.23 Evidence not to be used. State-Prosecutor did not present a (Knife at Trial) only a picture of a Knife from previous Accuital Trial. Violation 38.23), also a 3rd Degree Felony

1. ✓
Final Conclusion-This
Cause 2014-CR10168
Plea Deal was non agg so
3 year was dec Refused by I refused
defendant.

2. Final Conclusion-This cause
Should be none aggravated
at the least.

CASE LAWS ↓ ↓
See Federal CASE Law U.S.
Supreme. California V. Trombetta
467 U.S. 479 (1984) Destruction
of Exculpatory Evidence to
allow complete Defense.

Cox V. Curtin, 698 F. supp
2d 918 WD Mich 2009)
Brady Violation, Prosecutorial Misconduct
Innefective Counsel

### Appellate Issues

- Pre-trial rulings are part of trial record (art. 28.01 §2)
- State can appeal ruling that
1) Dismisses complaint (art. 44.01(a)(1))
2) Grants double jeopardy claim (art. 44.01(a)(4))
3) Grants motion to suppress (art. 44.01 (a)(5))
- During appeal, proceedings are stayed (art. 44.01(e))

Motion to Dismiss Failure to Provide a Speed Trial was Presented - Facts are in Motion on Record. Gu Judge Overuled Legal Error

Pennsylvania V. Ritchie, 480, U.S. 39 (1987) Prosecutor duty to turn over Exculpatory Evidence) Namely a Knife Current Cause

Conclusion

### Appellate Issues II

- Δ can appeal any adverse decision after conviction if issue timely raised & preserved
- Can raise jurisdictional issue on appeal for first time

Final Conclusion - Cause # 2014 - CR10168 should be transffed from aggravated to non-aggravated

Attorney did object to Rule 403 R of Evidence photo's of (Knife) an photo of Bloody bandage no relevant to current Cause. No one was cutt or stabbed. CASE LAW/see Pennslyvania V. Ritchie 480, U.S. 39 (1987) Prosecutor duty to turn over Exculpatory Evidence (namly Knife)

Expert witness Joanna Collins took the stand. hole Miss Collins is a Special investigator stated at Trial that there need to be more Evidence to say assault accured. More than DNA need to claim rape.

### Other Pre-trial motions

- Use of pre-trial is not limited to list in art. 28.01
- Rule 702 (admissibility of scientific evidence)
- Motion to record proceedings/ court reporter
- Submission of special instructions or requests for jury charge
- Designation of expert witnesses & materials upon which they rely
- State's offer extended could result in guilty/no contest plea & waiver of trial